■    In the Matter of BEATRICE A. BRODI, Respondent, v. STATE LIQUOR AUTHORITY, Appellant.— GREENBLOTT, J.  Appeal from a judgment of the Supreme Court at Special Term, entered June 12, 1969 in Albany County, which granted petitioner's application in a proceeding under CPLR article 78 to annul a determination of the State Liquor Authority which disapproved petitioner's application for a license. Appellant owns and operates a tavern in the City of Plattsburgh for which she is duly licensed. She applied for a special on-premises liquor license for an establishment in Rouses Point, approximately 25 miles from her present location. On May 8, 1968, respondent issued a " Notice of Disapproval ", basing its rejection on the ground that it would not " serve public convenience and advantage to approve the request for a new license at another location inasmuch as the licensees have demonstrated difficulty in preventing violations of law from occurring at the present premises and would

be contrary to Rule 54." Rule 54 of the Rules of the State Liquor Authority, section 48.10 entitled "Multiple interests", provides that a license for a second premises will be issued only where the petitioner demonstrates that "his presently licensed premises have been operated in an orderly, lawful and proper manner for a reasonable period of time, and that the issuance of such other or additional license will result in the operation of both premises in an orderly, lawful and proper manner". (9 NYCRR 48.10.) The recommendation of disapproval on which the determination of the State Liquor Authority was based indicates that 23 police calls were made in connection with the premises between February, 1967 and March, 1968. The evidence indicates that the respondent's present premises have required police action over a long period of time and reflects on respondent's ability to provide the high degree of supervision and care necessary to operate a second establishment 25 miles away from her present location. We should not interfere with the exercise of administrative discretion vested in the State Liquor Authority unless the action complained of be deemed arbitrary or capricious. This determination has a reasonable basis and should be sustained. (*Matter of Wager* v. *State Liq. Auth.*, 4 N Y 2d 465.) Judgment reversed, on the law and the facts, and petition dismissed, without costs. Herlihy, P. J., Staley, Jr., Greenblott, Cooke and Sweeney, JJ., concur in memorandum by Greenblott, J.